## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Cummins Diesel of Virginia, Inc.

v.

Diamond Construction Corp., etc.

July 19, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the defendant's plea in abatement.

This is a suit brought here on a check drawn by the defendant corporation payable to the plaintiff for the purchase of a used diesel engine sold by the plaintiff to the defendant through the plaintiff's branch office in Roanoke County, Virginia. This check was not post-dated and was drawn on the Security National Bank of Roanoke, Roanoke, Virginia. The check is dated February 8, 1971, and on or about February 10, 1971, it was deposited by the plaintiff in the United Virginia/State Planters Bank in Richmond, Virginia. Thereafter, the check was dishonored with an "insufficient funds" notation upon its presentment to the Roanoke bank.

The defendant is a Virginia corporation with its registered office and its principal and only business office located in the City of Salem, Virginia. At no time relevant to these proceedings has the defendant maintained any offices in the City of Richmond nor has any officer or registered agent of the defendant ever resided in the City of Richmond.

The issue raised herein is whether the cause of action, or any part thereof, arose in the City of Richmond in order to lay proper venue here. Code § 8-39.

A cause of action arises when that is not done which ought to have been done; or when that is done which ought not to have been done. The time when a cause of action arises determines, also, the place where it arises, "for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises." Insurance Company v. Saccio, 204 Va. 769, 772 (1963).

This is a suit on a negotiable instrument which has been dishonored as defined in the Uniform Commercial Code. Code § 8.3-104 and § 8.3-507(1)(a). Subsection (2) of the aforesaid Code provision also provides that "subject to any necessary notice of dishonor and protest, the holder has upon dishonor an immediate right of recourse against the drawers and endorsers." (Emphasis added) See also Code § 8.3-122(3).

As the defendant argues, the dishonor occurred in Roanoke when the defendant's bank failed to honor the check and this constituted a breach of the contractual obligation of the check itself. Code § 8.3-413. Therefore, that which ought to have been done; that is, the payment of the check by the Roanoke bank, was not done at the time when the check was dishonored and the cause of action then arose.

The plaintiff argues that it had no right of action until it had knowledge that the check was not going to be paid and that such knowledge was obtained as a result of the notice it received from its Richmond bank. No authority has been cited in support of that position nor has the court been able to find any.

For the above reasons, the plea in abatement is sustained and this action is dismissed.